IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILL E. ROGERS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-562-LPS-MPT |
| JTVCC All Parties Involved, JTVCC MEDICAL DEPT. All Parties Involved, and BAYHEALTH MEDICAL CENTER, | : |
| Defendants. | : |

Will E. Rogers, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 30, 2010
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff, Will E. Rogers ("Rogers"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A. Also pending is a Request for Counsel. (D.I. 3)

## II. BACKGROUND

After Rogers and his cellmate, Joseph Smith ("Smith"), "exchanged a few words," Smith assaulted Rogers and threw boiling water on him. Rogers was taken to the Bayhealth Medical Center for treatment of his injuries. Following his release, he was taken not to the infirmary but, instead, to "the hole" (i.e., solitary confinement), and charged with assault. He alleges violations of his Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right to due process. Rogers asks the Court to subpoena all relevant records to obtain the names of all those at fault. He seeks compensatory and punitive damages. (D.I. 2 at 3-4)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

## III. **STANDARD OF REVIEW**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Rogers proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see also, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

2

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Rogers leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Rogers has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. State Actor

Rogers was taken to Defendant Bayhealth Medical Center ("Bayhealth") for treatment of his injuries. Bayhealth is a not a governmental agency. *See Alston v. Minner*, Civ. No. 01C-07-039, 2001 WL 34083821, at *2 (Del. Super. Ct. Oct. 19, 2001). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49. Bayhealth is a nongovernmental agency and is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

In addition, the allegations against Bayhealth fail to the extent that Rogers attempts to allege a medical needs claim. It is clear in reading the Complaint that Bayhealth provided Rogers medical care and treatment. Rogers cannot prevail on a medical needs claim against Bayhealth. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976) (holding that cognizable claim requires allegations that (i) inmate had a serious medical need and (ii) prison officials acted or failed to act in a manner indicating deliberate indifference to that need).

Rogers § 1983 claim against Bayhealth has no basis in law or fact. The Court will dismiss it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

4

### B. Eleventh Amendment Immunity

Rogers names as defendants the VCC and the VCC Medical Department. The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects States and their agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the State and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1991).

Rogers' claims against VCC and its Medical Department also fail as barred by *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989), which holds that neither States nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

The VCC and its Medical Department are immune from suit under the Eleventh Amendment. Therefore, the Court will dismiss the claims against them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### C. Medical Needs

To the extent that Rogers attempts to allege a medical needs claim, he must allege that:

5

(1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Griffin v. DeRosa*, 153 F. App'x 851 (3d Cir. Nov. 3, 2005) (not published). The complaint makes no reference to the individuals who allegedly denied Rogers medical care upon his release from Bayhealth. Inasmuch as the complaint is deficiently pled, it will be dismissed. However, since it appears plausible that Rogers may be able to articulate a claim against alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (not published) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. **REQUEST FOR COUNSEL**

Rogers requests counsel on the grounds that he is unable to afford counsel, cannot read or write, has severe mental health problems, another inmate wrote the Complaint and this motion for him, and he will have no one to help him if he is transferred to another building. (D.I. 3)

A plaintiff in a civil suit does not have a constitutional or statutory right to an attorney. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) – now § 1915(e)(1) – authorizes federal court to "request," but not require, unwilling attorney to represent indigent civil litigant). However, a district court may seek to obtain legal representation for an unrepresented plaintiff who demonstrates "special circumstances indicating the likelihood of

substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154; *see also Mallard*, 490 U.S. at 296.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case, considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Rogers' Motion, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, at this juncture, it does not appear that Rogers has a meritorious case. Thus, in these circumstances, the Court will deny without prejudice to renew Rogers' Request for Counsel. (D.I. 3)

## VI. **CONCLUSION**

For the above reasons, the Court will dismiss the claims against Defendants as frivolous and will dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Rogers will be given leave to file an Amended Complaint. The Request for Counsel is denied without prejudice to renew. An appropriate Order follows.